# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

---

SAMUEL BOOTHBY *vs.* EMMA B. BOOTHBY, administratrix.

York.   Opinion February 15, 1884.

*Executor and administrator.   Demand.   R. S., 1871, c. 87, § 11.*
*Stat. 1872, c. 85.*

An action cannot be maintained against an administratrix for default by her in the performance after the death of her intestate of the condition of a bond given by her intestate, unless the claim was presented in writing and payment demanded thirty days before the date of the writ.*

ON EXCEPTIONS.

An action on a bond given by Richard Boothby in his lifetime to the plaintiff, by the terms of which he was to maintain and support all the persons mentioned in his father's will as therein directed.   And the father's will directed that his daughter Phebe and three others "shall have a home and maintenance on my farm and homestead  .  .  .  in the same manner that my children have been supported and educated by myself."   The will was dated June 23, 1855.

---
*See R. S., 1883, c. 87, § 12.—REPORTER.

Richard Boothby died January 26, 1871, and letters of administration on his estate were granted the defendant in March, 1881. Phebe Boothby became of age in 1857, and refusal to support her according to the provisions of her father's will as required by the bond since January, 1880, is the breach of the bond alleged by the plaintiff. The writ is dated May 3, 1881. The claim was not presented to the defendant in writing and payment demanded thirty days before the action was brought.

The presiding justice ruled that the action could not be maintained and directed a nonsuit and the plaintiff alleged exceptions.

*R. P. Tapley*, for the plaintiff.

The report finds that no demand in writing was made upon the defendant administratrix under the statute before this action was brought; we think there may be two answers to this part of the case.

The bond sued upon binds the obligor and his administrators to the performance of duties arising both before and after the decease of the obligor. For a neglect upon the part of the obligor a demand in writing, or rather a claim in writing is to be presented to the representative before the action is commenced. It is to furnish the representative with the nature and extent of the claim of which he is presumed to know nothing.

The action in this case is not founded upon the default of the obligor. He performed during his lifetime. It is for the default of the administratrix, in the non-performance of duties devolving upon her and which never devolved upon the intestate in his lifetime. The claim in fact is not against her as his representative but against her as a party named in the bond, and she in no particular comes within the meaning and spirit of the act of 1872, c. 85, requiring a presentation of the claim in writing before the commencement of action. That statute relates to claims against the testator or intestate,—claims existing at the time of his decease. Here the claim is against this defendant arising after his decease for her own default, and not his. Upon assuming administration she voluntarily became a party to this instrument. If she had given a note as administratrix and failed

to meet it at maturity she would not be entitled to have the note presented to her before action against her. Upon the assumption of administration she became bound under the bond to do certain things. For her failure she is not entitled to previous notice; it is only for his default.

*Augustus F. Moulton,* for the defendant.

SYMONDS, J. This is an action of debt against the administratrix of the estate of Richard Boothby, upon a bond given by the intestate during his life to the plaintiff. The claim was not presented to the defendant in writing and payment demanded thirty days before the action was brought, and the question is whether under R. S., c. 87, § 11, as amended by the act of 1872, c. 85, this omission precludes recovery.

It is urged that the terms of the bond bind his administrators as well as the intestate himself, that the administratrix since her appointment has herself failed to keep the condition, and that for such default of the administratrix since the death of the intestate an action may be maintained without the previous statutory notice and demand.

The statute provides that "no action against an executor or administrator . . . on a claim against the estate shall be maintained . . . unless such claim is first presented in writing and payment demanded at least thirty days before the action is commenced." The claim which this suit is brought to enforce is clearly one against the estate, upon an obligation given by the intestate in his life, and the language of the statute does not permit such an exception to be made as that for which the plaintiff contends. Moreover, it is the direct intent of the statute to give the executor or administrator thirty days after notice and demand before the estate shall be liable to an action for his own failure to fulfil the contracts or covenants which the testator or the intestate may have entered into in his lifetime. During the thirty days there must always be some legal obligation which the administrator fails to perform, else no liability to suit can subsequently attach to the estate in his hands. It would manifestly be impracticable, therefore, to attempt to except from the

operation of the statute a case, or class of cases, on the ground that the failure of the administrator on his own part to keep the contracts made by the intestate during life exposed the estate to an action at once, for his own default, without notice. Until this action was brought, the administratrix may not have known that the intestate had given the bond declared on. The case in this respect is substantially as if the intestate had given a note payable in installments and had paid those which matured in his life. The administrator failing to pay the next installment, maturing after his appointment, is still entitled to the thirty days notice and demand before suit; and provision is made for the reservation of assets or the liability of heirs and devisees in certain cases where the right of action does not accrue during the period of administration. 1872, c. 85, § § 14–16.

The decisions upon this statute have already established the rule that it is an essential part of the plaintiff's case to prove compliance with its provisions and that unless the claim was presented in writing and payment demanded thirty days before the date of the writ, or unless this requirement was waived, the action cannot be maintained. *Eaton* v. *Buswell*, 69 Maine, 552; *Me. Cent. Institute* v. *Haskell*, 71 Maine, 487; *Stevens* v. *Haskell*, 72 Maine, 244.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.